IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| RICHARD J. JOHNSON,<br>TDCJ No. 1005689,<br><br>    Petitioner,<br><br>v.<br><br>LORIE DAVIS, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br><br>    Respondent. | §<br>§<br>§<br>§<br>§<br>§    Civil Action No. 7:18-cv-00046-O-BP<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a Petition for Writ of Habeas Corpus filed by Petitioner Richard J. Johnson. ECF No. 1. Petitioner challenges a disciplinary proceeding in which he lost forty-five good-time days. *Id.* at 2, 5. After consideration of the pleadings and the applicable law, the undersigned recommends that United States District Judge Reed O'Connor **DISMISS** without prejudice the Petition for Writ of Habeas Corpus.

On May 2, 2018, the undersigned entered a Notice of Deficiency and Order which directed Petitioner to: "either pay the $5.00 filing fee or file a motion for leave to proceed *in forma pauperis* with a completed certified trust account statement." ECF No. 4. The Order required Petitioner to cure the deficiencies by June 2, 2018, and cautioned him that "[f]ailure to comply with this Order may result in dismissal of the petition without further notice." *Id.* On May 21, 2018, Petitioner filed a letter with the Court alleging that the unit law library officer refuses to give Petitioner IFP forms or a print out of his inmate trust fund. ECF No. 6. In response, on June 5, 2018, the Court

*sua sponte* extended Petitioner's time to either pay the filing fee or file a motion for leave to proceed *in forma pauperis* until July 5, 2018. ECF No. 5. On June 25, 2018, Petitioner filed an application to proceed *in forma pauperis*. ECF No. 7. However, the attached inmate trust account was filled out by Petitioner, was uncertified, and stated that the authorized officer refused to sign. *Id.* at 3.

The Court takes judicial notice of the fact that blank *in forma pauperis* application forms and inmate trust account statements are readily available through the law libraries in Texas state prisons. *See Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998) (affirming district court's dismissal for want of prosecution after inmate failed to comply with *sua sponte* order to provide financial information for assessment of PLRA filing fee); *Morrow v. Collins*, 111 F.3d 374, 374–75 (5th Cir. 1997) (taking judicial notice of the fact that an inmate confined in a Texas state prison can get a statement of inmate trust account from the prison law library, and dismissing the case for want of prosecution, even though the prisoner claimed that he could not get the statement due to hostility on the part of prison officials).

Federal Rule of Civil Procedure 41(b) allows the district court to dismiss an action *sua sponte* for failure to prosecute or for failure to follow orders of the Court. This authority flows from the Court's inherent power to manage its docket. *Larson*, 157 F.3d at 1031; *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626 (1962)). A Rule 41(b) dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). However, a dismissal with prejudice for want of prosecution is an extreme sanction that should be employed only where a litigant's acts or omissions are "the result

of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Id.*

In the case at bar, Petitioner has failed to comply with the Court's orders. Absent compliance, this case cannot proceed. In light of the status of this case, the imposition of fines and costs is not appropriate. Although Petitioner has failed to comply with the Court's orders, it is not evident from the record that Petitioner has engaged in purposeful delay or contumacious conduct. Upon consideration of all relevant factors, the undersigned finds that the interests of justice and those of judicial efficiency would best be served by dismissal of this action without prejudice.

Accordingly, the undersigned **RECOMMENDS** that Petitioner's Petition for Writ of Habeas Corpus be **DISMISSED** without prejudice pursuant to Rule 41(b), Federal Rules of Civil Procedure, for want of prosecution, and that Petitioner may reopen this case by filing a motion to reopen and complying with the Court's Notice of Deficiency and Order within thirty days of the date of Judge O'Connor's order adopting this Findings, Conclusions, and Recommendation.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual

findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    Signed June 28, 2018.

                                                Hal R. Ray, Jr.
                                                UNITED STATES MAGISTRATE JUDGE