# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **RICHARD J. JOHNSON,** § | | |
| **TDCJ No. 01005689,** § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | | Civil Action No. 7:18-cv-046-O-BP |
| § | | |
| **LORIE DAVIS, Director,** § | | |
| **Texas Department of Criminal Justice,** § | | |
| **Correctional Institutions Division,** § | | |
| § | | |
| Respondent. § | | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

After making an independent review of the pleadings, files, and records in this case, and of the Findings, Conclusions, and Recommendation of the United States Magistrate Judge, I am of the opinion that the findings of fact, conclusions of law, and reasons for dismissal set forth in the Magistrate Judge's Recommendation are correct and they are hereby adopted and incorporated by reference as the Findings of the Court.

This habeas action is being dismissed for want of prosecution due to Petitioner's failure to comply with the Court's order to submit a certified inmate trust account statement. The certified trust account statement is necessary for the Court to determine whether Petitioner is eligible to proceed *in forma pauperis* in this action. *See* Miscellaneous Order No. 6, Rule 2 § (a)(4) (N.D. Tex. May 5, 2005) (requiring review of certified inmate trust account statement to determine whether habeas petitioner qualifies for *in forma pauperis* status).

For the foregoing reasons, this action is **DISMISSED** without prejudice pursuant to Rule 41(b), Federal Rules of Civil Procedure, for want of prosecution. *See Summers v. State of Texas*,

No. 1:07-cv-377, 2007 WL 3231660 (E.D. Tex. Oct. 31 2007) (dismissing habeas action for Petitioner's failure to submit a certified trust account statement as ordered). Petitioner may reopen the case by filing a motion to reopen and a certified inmate trust account statement within 30 days of the date of this order. Petitioner is cautioned that there is a one-year statute of limitations applicable to the filing of a petition for writ of habeas corpus. *See* 28 U.S.C. § 2244(d).

**SO ORDERED** this **26th day** of **July, 2018.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**